Jerome K. Elwell, State Bar No. 012669
**WARNER ANGLE HALLAM**
  **JACKSON & FORMANEK PLC**
3550 North Central Avenue, Suite 1500
Phoenix, Arizona 85012-2188
Telephone: (602) 264-7101
Facsimile:  (602) 234-0419

Attorneys for Francine Coles and Haley Brooke Coles

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **JOHN HANCOCK LIFE INSURANCE COMPANY (U.S.A.)**, a Michigan corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**ASHLEY COLES**, trustee of the Ashley Coles Family Trust, **FRANCINE COLES**, individually and as conservator of **Z.A. COLES** and **S.B. COLES**, minors, and **HALEY BROOKE COLES**, individually,<br><br>Defendants. | Case No. CV 09-00553 PHX DGC<br><br>**ANSWER TO COMPLAINT IN INTERPLEADER** |

 **FRANCINE COLES**, individually and as conservator of **Z.A. COLES** and **S.B. COLES**, and **HALEY BROOKE COLES**, individually (collectively "Defendants"), through counsel undersigned, hereby Answers the Complaint in Interpleader filed by **JOHN HANCOCK LIFE INSURACNE COMPANY (U.S.A.)** ("John Hancock"). In support of this Answer, the Defendants state as follows:

   1. The allegations in Paragraph 1 are admitted.

2. The allegations in Paragraph 2 are admitted.

3. The allegations in Paragraph 3 are admitted.

4. The allegations in Paragraph 4 are admitted.

5. The allegations in Paragraph 5 are admitted.

6. The allegations in Paragraph 6 are admitted.

7. The allegations in Paragraph 7 are admitted.

8. The allegations in Paragraph 8 are admitted.

9. The allegations in Paragraph 9 are admitted.

10. The allegations in Paragraph 10 are admitted.

11. The allegations in Paragraph 11 are admitted.

12. The allegations in Paragraph 12 are admitted.

13. The allegations in Paragraph 13 are admitted in part and denied in part. On or about June 1, 2008, **SCOTT M. COLES** (the "Decedent") executed letters which, among other things, amended his revocable trust, his estate plan, and amended the beneficiary designation of the life insurance policy held through John Hancock.

14. The allegations in Paragraph 14 are admitted: except that the referred letters, upon information and belief, accomplished the change in beneficiary designation for the policy at issue.

15. The allegations in Paragraph 15 are admitted.

16. The allegations in Paragraph 16 are admitted.

17. The allegations in Paragraph 17 are admitted.

18. The allegations in Paragraph 18 are admitted.

19. The allegations in Paragraph 19 are admitted.

20. The allegations in Paragraph 20 are admitted.

21. The allegations in Paragraph 21 are admitted.

22. The Defendants reserve the right to assert any and all of the affirmative defenses outlined in Federal Rule of Civil Procedure 8(c) as discovery may prove applicable.

**WHEREFORE**, the Defendants request Judgment as follows:

A. Directing the payment of reasonable attorneys' fees and costs incurred by John Hancock in bringing the Interpleader Complaint;

B. Directing the payment of the life insurance policy proceeds held by John Hancock to each of the four Defendants in equal shares, together with any and all interest incurred thereon;

C. Directing John Hancock to issue Internal Revenue Service Form 712's to each of the four Defendants indicating distribution of the life insurance proceeds in equal shares; and,

D. Entering any other relief the Court deems appropriate under the circumstances.

**RESPECTFULLY SUBMITTED** this 27th day of March, 2009.

        **WARNER ANGLE HALLAM JACKSON & FORMANEK PLC**

        By: s/Jerome K. Elwell
            Jerome K. Elwell, Esq.
            3550 North Central Ave., Suite 1500
            Phoenix, Arizona 85012-2188
            Attorneys for Defendants